670 A.2d 1161

Tammie L. CALABRESE

v.

John J. CALABRESE, Appellant.

Superior Court of Pennsylvania.

Argued April 24, 1995.

Filed Feb. 2, 1996.

Elizabeth A. Hambrick–Stowe, Lancaster, for appellant.

James D. Wolman, Lancaster, for appellee.

Before ROWLEY, President Judge,* and TAMILIA and SAYLOR, JJ.

TAMILIA, Judge:

John J. Calabrese takes this appeal from the October 11, 1994 Order which granted appellee/wife's claim for spousal and child support in the amount of $3,832 per month.[1]  The parties were married on October 14, 1978 and are the parents of two children, a son born on July 24, 1979, who presently lives with husband, and a daughter born on August 1, 1984, who resides with wife.  Prior to separation, the parties owned and operated several businesses which were formed in 1989. Calabrese Associates Architects, Inc., was an architectural service corporation, in which husband, a registered architect and certified interior designer, owned a two-thirds interest and wife, a nurse by trade, owned a one-third interest.  A complimentary design service, MDC Associates Interior Design, which also had two subsidiaries, was owned solely by

---

\* President Judge Rowley did not participate in this decision.

1.  This amount, consisting of $1,475 for child support and $2,357 for spousal support, was effective January 7, 1994 and required husband to also pay $193 per month toward arrearages and to provide major medical and hospital insurance for spouse and children.

wife.[2] In addition, the parties were the joint owners of the commercial building housing their respective corporations. The parties separated in November, 1992, when husband left the marital home. Wife thereafter filed a complaint for spousal and child support on July 2, 1993. Pursuant to the final Order entered October 11, 1994, husband filed this appeal raising the following four allegations of trial court error:

  A. Whether the trial court erred as a matter of law in entering a support order based solely on the support guidelines, without considering the *Melzer* formula, where the court determined that the combined net monthly income of the parties exceeded $10,000.00.

  B. Whether the trial court abused its discretion and erred as a matter of law in failing to attribute an earning capacity to appellee where she had owned and operated a profitable business prior to the separation of the parties.

  C. Whether the support order was based on a flawed and inherently contradictory calculation, even assuming, *arguendo*, that the net incomes attributed to the parties were accurate.

  D. Whether the court erred as a matter of law in failing to adequately explain how it calculated appellant's net income so as to permit meaningful appellate review.

■ Our scope of review in support matters is well settled. The amount of a support Order is within the sound discretion of the trial judge, whose judgment will not be disturbed on appeal absent a clear abuse of discretion. *Connor v. Connor*, 434 Pa.Super. 288, 642 A.2d 1136 (1994) (citation omitted). An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Id.*

■ We shall address appellant's first argument that the trial court erred as a matter of law in failing to consider the

2. According to the trial court, wife worked as a bookkeeper for all of the businesses and as chief operating officer for certain of the companies.

*Melzer* [3] formula. In the instant case, the combined income of the parties exceeded $10,000 or the maximum amount upon which a support Order can be determined pursuant to Pa. R.C.P. 1910.1 *et seq.*[4] Hence, the trial court was required to apply *Melzer.* We therefore conclude the trial court erred in applying the guidelines rather than *Melzer.*

An examination of the Pennsylvania Rules of Civil Procedure and, in particular, Pa.R.C.P. 1910.16–5(a), provides that "*Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984), applies only in cases where the parties' combined income exceeds the amount of the guidelines which can be calculated according to the formula." [5]

The formula in *Melzer* [6] resulted in child and spousal support calculations based on the court's case-by-case determina-

---

**3.** *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

**4.** The Pennsylvania Rules of Civil Procedure "govern all civil actions or proceedings brought in the court of common pleas to enforce a duty of support...." Pa.R.C.P. 1910.1(a). Only the following actions are excepted from the scope of the Rules of Civil Procedure:

(1) an action or proceeding for support based upon a contract or agreement which provides that it may not be enforced by an action in accordance with these rules, and

(2) an application for a temporary order of support and other relief pursuant to the Protection From Abuse Act of December 19, 1990, P.L. 1240, NO. 206, 23 PA.C.S. § 6101 et seq.

Pa.R.C.P. 1910.1(b).

**5.** Pa.R.C.P. 1910.16–5(d) defines the limitations inherent in the guidelines for calculating support orders.

**Net Income Affecting the Application of the Guidelines.** The guidelines contain two stated limitations based upon monthly net income. First, the Chart of Proportionate Expenditures which is the basis for the calculation of support amounts by the formula in Rule 1910.16–3 states percentages for joint monthly net income between $500 and $10,000. When the obligor's net income is below $500 per month, a minimal support order shall be entered after consideration of the obligor's reasonable living expenses. If, on the other hand, the parties' joint monthly net income exceeds the maximum, the amount of support is to be determined pursuant to *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984).

Pa.R.C.P. 1910.16–5(d). It is clear that the guidelines do not apply to cases in which the parties' combined net income is either below $500 per month or exceeds $10,000 per month. Pa.R.C.P. 1910.16–5(d).

**6.** The Court in *Melzer* stated the following:

tion of reasonable needs and expenses of the parties. The Pennsylvania Supreme Court in *Ball v. Minnick,* 538 Pa. 441, 648 A.2d 1192 (1994), recognized the clear import of Pa.R.C.P. 1910.16–1 *et seq.,* viz, to supercede *Melzer* and remove the discretionary aspect of its application by the trial court.

> The guidelines assume that similarly situated parties, at least with respect to income levels, will have similar reasonable needs and expenses. . . . The clear intent of the guidelines, therefore, was to do away with individual, case-by-case determinations of just what constitutes the *reasonable needs and expenses* of the particular parties involved and thus to limit the trial court's discretion.

*Minnick, supra* at 451–452, 648 A.2d at 1197 (emphasis in original).

The rules provide for a presumptive minimum amount of child support in cases in which *Melzer* applies to insure that the trial court's discretion is not unbridled. The presumptive

> [I]n each case the hearing court must first calculate the reasonable expense of raising the children involved, based upon the particular circumstances—the needs, the custom, and the financial status—of the parties. *See Bethea v. Bethea,* 43 N.C.App. 372, 258 S.E.2d 796, 799 (1979) ("What constitutes necessities depends upon the facts and circumstances of the particular case. They include food, clothing, lodging, medical care and proper education. They are not limited to those things which are absolutely necessary to sustain life, but extend to articles that are reasonably necessary for the proper and suitable maintenance of the child in view of his social station in life, the customs of the social circle in which he lives or is likely to live and the fortune possessed by him and his parents.").
>
> The court must next determine, as a matter of fact, the respective abilities of the parents to support their children. This Court has held that "[e]ach parent's ability to pay is dependent upon his or her property, income and earning capacity. . . ." *Costello v. LeNoir,* 462 Pa. 36, 40, 337 A.2d 866, 868 (1975). In arriving at the amount which a parent can contribute to the support of his or her children, the court must "make due allowance for the *reasonable* living expenses of the parent." *Id.* (emphasis added).
>
> Once the court has determined the reasonable needs of the children and the amount of each parent's income which remains after the deduction of the parent's reasonable living expenses, it must calculate each parent's total support obligation in accordance with the ... formula.

*Melzer, supra* at 471–472, 480 A.2d at 995–996.

minimum amount of support shall be the highest guideline amount which can be derived from the formula for the appropriate number of children and using the highest payor income available.

In cases where the combined net monthly income of the parties exceeds $10,000, the presumptive minimum amount of support is calculated as if the parties have only a $10,000 combined net income.

Pa.R.C.P. 1910–16.5(a).

Rule 1910.16–5(a) details the procedure to be followed by the court in calculating the presumptive minimum amount of child support. Since the grids and formula only apply where the combined net monthly income of the parties does not exceed $10,000, the presumptive minimum must be calculated based on this $10,000 cap. Rule 1910.16–5(a) explains the calculation of presumptive minimum amount of the child support Order where payee's net monthly income is less than $2,000 as follows:

**1. Where payee's monthly net income is less than $2,000, the presumptive minimum amount of support must be calculated using the formula.**

For example, where:

Payor's monthly net is $15,000, and

Payee's monthly net is $1,000

the presumptive minimum amount of support for three children would be derived from the formula as follows:

The formula can be used to calculate guideline amounts for parties with a combined total net monthly income of $10,000. Therefore $10,000 less payee's $1,000 income is $9,000. The $9,000 is then multiplied by the appropriate percentage for three children and a combined income of $10,000 (24.1%), resulting in a presumptive minimum amount of support of $2,169. OR

$9,000 × .241 = $2,169.

Pa.R.C.P. 1910.16–5(a).[7]  *Melzer* applies "in cases where the parties' combined income exceeds the amount of the guidelines which can be calculated according to the formula." The calculation of the presumptive minimum, pursuant to Rule 1910.16–5(a), does not take the calculation of the support obligation away from *Melzer* and back into the guidelines. On the contrary, the presumptive minimum is simply the level of support below which the trial court cannot descend. A *Melzer* calculation, without the safeguard of the presumptive minimum, could result in a support Order in an amount less than the maximum amount under the guidelines, notwithstanding the fact that the combined monthly incomes of the parties exceeds the guidelines amount. This result would nullify the Pennsylvania Rules of Civil Procedure and the dictates of the Pennsylvania Supreme Court. *Minnick, supra.*

■  Additionally, once it is determined that *Melzer* is applicable, "[t]he calculated *Melzer* formula must be in the record to insure that an actual dollar figure is determined as to the reasonable needs and expenses of the parents and children." *Racciato v. Racciato*, 393 Pa.Super. 307, 309, 574 A.2d 625, 626 (1990) (*citing Ryan v. DeLong*, 371 Pa.Super. 248, 255, 538 A.2d 1, 3 (1987)) (emphasis supplied). *See also Caplan v. Caplan*, 400 Pa.Super. 352, 355, 583 A.2d 823, 825 (1990).[8]

7. The rule also provides for the calculation of the presumptive minimum amount of support where the parties' combined monthly income exceeds $10,000 and the payee's monthly net exceeds $2,000. The rule states as follows:

2. **Where the payee's monthly net income is $2,000 or more, the appropriate grid figure should be used:**

For example, where:

Payor's monthly net is $15,000, and

Payee's monthly net is $3,000

the presumptive minimum amount of support for three children would be found on the grid for three children using incomes of $8,000 and $2,000 for payor and payee, respectively: $1,928.

Pa.R.C.P. 1910.16–5(a). The *Melzer* formula, however, would still be applied because the parties' net income exceeds $10,000 per month. *Minnick, supra.*

8. There are two exceptions to the rule that the *Melzer* formula·must be included in the record.

The law has recognized that the *Melzer* formula need not be shown on the record in every case. Two exceptions have been applied. In

In the case at bar, the trial court recomputed payor's gross income per month from that which appeared on his 1993 income tax return. The only reason given for the recomputation was because husband "is the sole shareholder of corporations which he alone operates with a practice of applying corporate funds for some personal uses while also treating such uses of funds as deductible corporate expenses[.]" Specifically, the trial court opined as follows:

> Likewise, for the defendant, his actual income, rather than earning potential, will be used in calculating an appropriate level of support. However, in Mr. Calabrese's situation, because he is the sole shareholder of corporations which he alone operates with a practice of applying corporate funds for some personal uses while also treating such uses of funds as deductible corporate expense, "income" for Mr. Calabrese must include also a consideration of the extent to which his own expenses have been met by such use of corporate funds, as well as monies which, at his direction, have been applied for the benefit of his present companion, excluding any adequately document loan transactions.

(Slip Op., Kenderdine, J., 9/30/94, p. 2.)

In order to calculate income available for support, where a payor owns his own business, the court must consider actual available financial resources. "Otherwise put, 'cash flow' ought to be considered and not federally taxed income." *Heisey v. Heisey,* 430 Pa.Super. 16, 19, 633 A.2d 211, 212 (1993) (*citing McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 43, 613 A.2d 20, 22 (1992)) (emphasis omitted). The court made a finding as to husband's income that can be justified if the

*Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989), it was held that the trial court did not err in failing to utilize the formula where the wife had no income to plug into the calculation. Citing *Griffin* [,] the court in *Olson v. Olson,* 384 Pa.Super. 224, 558 A.2d 93, 95 (1989) held "that where the party requesting benefits of the *Melzer* formula intentionally withholds or fails to provide accurate information required under the formula, the court may calculate support without an on the record reference to the formula."
*Racciato, supra* at 309, 574 A.2d at 626. Neither of these exceptions is applicable in the case *sub judice.*

income, transfers and questionable loans are computed to establish income rather than tax and business write-offs. However, the court did not clearly spell out the rationale of the cash flow, business/personal mixing of income, as did appellee's brief, exhibit "A", to establish net income available for calculation and application pursuant to the *Melzer* formula. The trial court in this case abused its discretion by failing to apply *Melzer*. *Minnick, supra*. Its failure to do so results in an absence of the *Melzer* calculations necessary to provide a record sufficient for appellate review. Like the Court in *Branch v. Jackson*, 427 Pa.Super. 417, 629 A.2d 170 (1993), we are unable to determine whether the court Order was excessive, inadequate or just right. We are constrained therefore to vacate the Order and remand for further proceedings. We direct that *Melzer* calculations and assignments of income be detailed on the record. In light of this disposition, we need not address the remaining issues.

Order vacated and remanded for further proceedings consistent with this Opinion.

Jurisdiction relinquished.