686 A.2d 1343

**Kelly A. GOWDY, Appellee,**

v.

**Emil KESSELRING, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1996.

Filed Dec. 23, 1996.

Donald W. Grieshober, Erie, for appellant.

Gregory L. Heidt, Erie, for appellee.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the support order of the Court of Common Pleas of Erie County which, *inter alia,* directed appellant to pay support for his minor child in the amount of $ 1,150.00 per month, plus an additional sum of $ 350.00 per month for arrearages. We affirm.

Herein, appellant asks the following questions: A) Did the lower court err in ordering DNA blood testing to determine paternity where the mother was married and residing with her husband at the time of conception; B) Did the court err in failing to award the amount of support determined by use of the formula set forth in *Melzer v. Witsberger,* 505 Pa. 462, 480

A.2d 991 (1984); and C) Did the court err in awarding the minimum presumptive amount of child support as set forth by the guidelines where the child's actual needs were significantly less than the presumptive minimum?

■ First, appellant claims that the lower court erred in finding that appellee overcame the presumption of legitimacy because she was married and residing with her husband at the time of conception. In *P.C.S. v. J.E.B.*, 442 Pa.Super. 388, 659 A.2d 1043, 1045 (1995), we addressed the same issue, stating:

> ... We begin our discussion of Putative Father's first issue by observing that one of the strongest presumptions known in our law is that a child born to a married woman is a child of the marriage. (Citations omitted.) Blood testing may not be used to rebut this presumption in the first instance; rather, the presumption must first be rebutted by other clear and convincing evidence. *McCue [v. McCue,* 413 Pa.Super. 71, 604 A.2d 738 (1992)] *supra.*

> Putative father relies on various case precedents for the proposition that this presumption can only be overcome by clear and convincing proof of either *non-access* or *impotency, citing, inter alia, Jones v. Trojak*, 535 Pa. 95, 634 A.2d 201 (1993). We generally agree with this proposition. However, Putative Father goes on to contend that the impotency prong for rebutting the presumption is restricted to meaning incapacity for sexual intercourse....

> Putative Father misperceives our case law. Although many cases do speak of rebutting the presumption of paternity by clear and convincing evidence of *non-access* or *impotency,* we do not believe that our precedents mean to restrict the impotency prong to impotency *per se.* We believe that our cases actually intend impotency to refer also to an inability to procreate.

*P.C.S.*, 659 A.2d at 1045.

Unfortunately for appellant, just as the putative father in *P.C.S., supra,* was unable to procreate because of a vasectomy, the "presumptive father" *sub judice,* Mr. Scott Gowdy, had

undergone a vasectomy prior to the conception of the parties' child. Medical testimony confirmed the success of the operation. Accordingly, the lower court correctly determined that appellee had overcome the presumption of legitimacy by clear and convincing evidence, and blood testing was appropriate. *P.C.S., supra.*[1]

■ Next, in related issues, appellant contends that the court erred in failing to award the amount of support determined by use of the *Melzer* formula, and the court erred in awarding the minimum presumptive amount of child support as set forth by the guidelines where the child's actual needs, as proven by appellee, were far less than the presumptive minimum. Presently, the parties agreed that appellee has no income (or earning capacity), and appellant's net disposable income was $ 15,000.00 per month. Appellee submitted an expense statement which indicated her child's actual expenses totaled $ 221.83 per month. It should be noted that appellee did not include food expenses in her statement because she was receiving food stamps at the time.

Now, appellant complains that his support obligation does not reflect the child's reasonable expenses as required by *Melzer, supra,* since the child's actual reported expenses were only $ 221.83 per month, and the support award is $ 1,150.00 per month. Appellant complains this level of support is

---

1. The DNA blood tests revealed that there was a 99.96 % probability that appellant was the father of appellee's son. To the extent that appellant argues the evidence was insufficient to sustain the finding of his paternity, we summarily reject the same in light of the overwhelming evidence.

We comment further only to note that appellant's appeal of the paternity determination is timely. *See, Williams v. Williams,* 253 Pa.Super. 444, 385 A.2d 422 (1978) (order adjudicating paternity is not final until an order of support is entered); *c.f., Jones v. Trojak,* 634 A.2d at 205 ("Accordingly, we find it necessary that, *when an appeal is taken,* appellate courts in this jurisdiction review court ordered blood tests at interlocutory stages.") However, we note that the more prudent procedure for appellant to have followed was to file an interlocutory appeal from the order directing blood testing, rather than waiting for those tests to be completed. The very reason for permitting such an interlocutory appeal is to minimize the negative impact upon the child which may result from the testing. *See, Jones v. Trojak, supra.*

excessive and will serve only to support appellee and her other children.

Initially, we note that the lower court did consider *Melzer, supra,* since the parties' combined income exceeds $ 10,000.00. See, Pa.R.C.P.1910.16–5(a). However, the court did not specifically calculate the formula set forth in *Melzer, supra,* on the record, because it reasoned the "presumptive minimum amount of support" of $ 1,150.00 as determined by the guidelines would satisfy the child's reasonable needs. See, Pa. R.C.P.1910.16–3 and 1910.16–5(a).

■ Ordinarily, once it is determined that the *Melzer* formula is applicable, the calculated formula "must" appear in the record. *Calabrese v. Calabrese,* 448 Pa.Super. 166, 670 A.2d 1161, 1164 (1995) (citing cases). However, given the undisputed fact that a calculation of the *Melzer* formula under the present facts would have resulted in a support amount far below the "presumptive minimum amount of support", we find that it was not error for the court not to calculate the formula on the record. In *Calabrese,* 670 A.2d at 1164, we stated:

> ... [T]he presumptive minimum is simply the level of support below which the trial court cannot descend. A *Melzer* calculation, without the safeguard of the presumptive minimum, could result in a support Order in an amount less than the maximum amount under the guidelines, notwithstanding the fact that the combined monthly incomes of the parties exceeds the guidelines amount. This result would nullify the Pennsylvania Rules of Civil Procedure and the dictates of the Pennsylvania Supreme Court. [*Ball v. Minnick,* 538 Pa. 441, 648 A.2d 1192 (1994) ].

Our holding is predicated upon the fact that the lower court was required to award the "presumptive minimum amount of support", regardless of the fact that a lesser amount would have been the result of a *Melzer* calculation in the present case.[2]

2. We note that there are two previous exceptions to the requirement that the *Melzer* calculation appear in the record. See, *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989) (trial court did not err in

As previously stated, appellant's argument is premised upon the fact that the child's actual expenses, as reported by his mother, are considerably less that the amount of support awarded. Frankly, the child's actual expenses are only a factor in determining his "reasonable needs". As we recognized in *Branch v. Jackson,* 427 Pa.Super. 417, , 629 A.2d 170, 172 (1993), "Mother's budget may or may not be indicative of the reasonable needs of the child when viewed in terms of Father's income and standard of living." Clearly, "[r]easonable needs are not, of course, limited to the bare necessities of life." *Branch,* 629 A.2d at 171, *quoting Hecht v. Hecht,* 189 Pa.Super. 276, 283–284, 150 A.2d 139, 143 (1959).

Presently, appellant's complaint that appellee will actually use his son's support payments to support herself and her two other children has fallen upon deaf ears. As we stated in *Branch,* 629 A.2d at 172:

> Father's complaint that an order commensurate with his income and lifestyle will result in a windfall to Mother is a make-weight argument. Obviously, if the child lives with Mother, Mother may indirectly benefit from certain of the child's need, for example, improved housing. However, that is no reason why the child should be short-changed by denying him support commensurate with his Father's income and lifestyle.

The courts of this Commonwealth have repeatedly held that a child will not be denied support commensurate with his or her reasonable needs *when viewed in terms of that child's prosperous parent's income and standard of living.* Accordingly, we are convinced that the lower court's order of support

neglecting to use formula where wife had no income insert into the calculation); *Olson v. Olson,* 384 Pa.Super. 224, 558 A.2d 93 (1989) (where party requesting *Melzer* calculation withholds accurate information, court may calculate support without reference to *Melzer* ). In the present case, another exception to *Melzer, supra,* has been created, i.e., where the facts indicate that the *Melzer* calculation will result in an amount of support less than the "presumptive minimum amount of support", the court may award the presumptive minimum without an on-the-record computation of *Melzer.*

is appropriate in light of both the applicable law and the facts of record.[3]

Order affirmed.

3. In fact, if either party has a legitimate complaint that the lower court failed to apply *Melzer, supra,* it would be appellee since her son's reasonable needs in light of appellant's standard of living and income could actually exceed the court ordered support obligation of $ 1,150.00 per month.