Rosemary MASCARO, Appellant,

v.

Joseph MASCARO, Appellee.

Joseph Mascaro, Appellant,

v.

Rosemary Mascaro, Appellee.

Superior Court of Pennsylvania.

Argued June 6, 2000.

Filed Dec. 13, 2000.

David S. Rasner, Philadelphia, for Rosemary Mascaro.

David L. Ladov, Plymouth Meeting, for Joseph Mascaro.

Before JOHNSON, STEVENS, and BECK, JJ.

BECK, J.:

¶ 1 In this appeal, we decide whether the support guidelines, Pa.R.C.P.1910.16–1–1910.16–7, are applicable to spousal support where the parties' after-tax monthly income exceeds $15,000. We conclude they are not and hold that a reasonable needs analysis is required in the calculation of spousal support in high income cases. Accordingly, we affirm the trial court.

¶ 2 Rosemary Mascaro (Wife) and Joseph Mascaro (Husband) have one child, born on November 14, 1984. Wife filed a petition for support for herself and the child. At a *de novo* hearing the trial court determined that Husband's after tax monthly income was $51,799. The court made an unallocated award of $13,000 for child and spousal support. The award was calculated pursuant to *Karp v. Karp*, 455 Pa.Super. 21, 686 A.2d 1325 (1996), using the reasonable needs analysis outlined in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Both parties appeal from that order.

¶ 3 Wife presents six questions for our review:

1. Whether spousal support for Wife should be calculated based upon this Court's ruling in *Terpak v. Terpak*, 697 A.2d 1006 (Pa.Super.1997)?

2. Whether child support should be based upon a presumptive minimum amount calculated according to the Supreme Court's Support Guidelines plus an additional amount, if necessary to meet the needs of the parties' minor child, calculated pursuant to an analysis under *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984)?

3. Whether the full amount of Wife's expenses should be considered in her action for child and spousal support?

4. Whether perquisites received by Husband should be added to his income for purposes of calculating child and spousal support?

5. Whether counsel fees incurred by Wife should be considered in her action for child and spousal support?

6. Whether Wife was entitled to an expedited procedure in her action for child and spousal support?

Brief for Appellant/Cross Appellee at 5.

¶ 4 On cross appeal, Husband raises the following seven issues:

1. Whether spousal support should be based upon Wife's reasonable needs, and the custom and financial status of the parties?

2. Whether child support should be based upon a presumptive minimum amount calculated according to the Supreme Court's Support Guidelines plus an additional amount, if necessary to meet the needs of the parties' minor child, calculated pursuant to an analysis under *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984)?

3. Whether the trial court erred by failing to differentiate the child's reasonable needs from Wife's reasonable needs and failing to state Husband's reasonable expenses pursuant to *Melzer, supra* ?

4. Whether the trial court erred by overstating Wife and child's reasonable needs?

5. Whether perquisites received by Husband and Wife should be added to Husband's income for purposes of calculating child and spousal support?

6. Whether the trial court [erred] by denying Wife's request for counsel fees?

7. Whether Wife was entitled to an expedited procedure in her action for child and spousal support? [1]

Brief for Appellee/Cross–Appellant at 2.

¶ 5 The crux of these appeals is the claim that the trial court erred in its application of the law when calculating both spousal and child support and has therefore entered an award that is either too low or too high. With regard to spousal support, Wife claims that in *Terpak, supra*, this Court held that the calculation of spousal support in high income cases must adhere to the guideline formula.[2] She therefore argues that the trial court erred when it calculated the support award pursuant to *Melzer, supra*. She insists the *Melzer* factors may only be applied to child support in high income cases but not to spousal support. Husband counters that there is appellate authority for the proposition that *Melzer* is applicable to establish spousal support in the following decisions of this Court: *T. Calabrese v. J. Calabrese*, 448 Pa.Super. 166, 670 A.2d 1161 (1996);

S. *Calabrese v. M. Calabrese*, 452 Pa.Super. 497, 682 A.2d 393 (1996); and *Karp, supra*. Moreover, he argues that *Terpak* is not precedential on this issue because the reference to the guideline formula was merely *dicta*.[3]

¶ 6 As an initial matter, we find that the question before us-whether the guidelines are applicable to calculate spousal support where household income exceeds the maximum amount covered by the support guidelines-is a matter of first impression. Moreover, the guidelines themselves are silent on the issue. *See* Pa.R.C.P.1910.16–1, *et seq*.

¶ 7 Generally, under Pennsylvania law, support awards are based on a determination of the reasonable needs of the child or spouse receiving support and the ability of the obligor to provide support. 23 Pa.C.S. § 4322. In addition support awards are premised on the principle that individuals who are similarly situated shall be treated similarly. *Id.* To assure that these objectives are met, the Pennsylvania Supreme Court promulgated a set of rules, Pa. R.C.P.1910.16–1–1910.16–7, which collectively make up our support guidelines.[4]

---

1. We have not separately addressed issues husband has raised, but we have resolved them in discussing issues wife has raised.

2. Pursuant to Pa.R.C.P.1910.16–4, spousal support is calculated according to the following formula:

**PART IV.   SPOUSAL SUPPORT OR APL**
With Dependent Children

| | |
|---|---|
| 12. Obligor's Monthly Net Income (Line 4) | ——— |
| 13. Less Obligee's Monthly Net Income (Line 4) | (___) |
| 14. Difference | |
| 15. Less Obligor's Total Child Support Obligation (Line 11) | (___) |
| 16. Difference | |
| 17. Multiply by 30% | X  .30 |
| 18. AMOUNT OF MONTHLY SPOUSAL SUPPORT OR APL | ——— |

Pa.R.C.P.1910–16.4(a) Part IV. We note that all citations to the Pennsylvania Rules of Civil Procedure herein refer to the most recent revision of the rules which were amended on December 8, 1998, effective April 1, 1999.

3. Both parties cite to *dicta* as authority for their positions. The holding in *Terpak, supra*, related to whether a deviation from the guidelines was appropriate under the facts of the case. It did not, as Wife asserts, hold that the formula in the guidelines is applicable to high income cases for spousal support. Similarly, the law cited by the Husband for the proposition that *Melzer* is the proper analysis for spousal support in high income cases is *dicta*. None of the cases directly decided the issue. *See T. Calabrese, supra* (deciding, *inter alia*, that in cases where parties' income exceeds guideline maximum, guidelines provide presumptive minimum child support and trial court must use *Melzer* formula); *S. Calabrese, supra* (determining, in case where *Melzer* analysis used, whether the trial court correctly calculated husband's income available for support and whether he was responsible for daughter's college expenses); *Karp, supra* (deciding whether support award calculated pursuant to *Melzer* was excessive and unsupported by the facts and whether arrearages should be paid in lump sum).

4. I agree with the dissent on the value of the support guidelines. They provide much needed fairness and certainty for support law. By

*See* Pa.R.C.P.1910.16–1(b).

¶ 8 The basis for the guidelines is a mathematical model which results in support awards that satisfy these objectives. That is to say that calculations of support made using the guidelines, Pa.R.C.P. 1910.16–4, provide for the reasonable needs of the child or spouse and are based on the obligor's ability to pay. *See* Pa. R.C.P.1910.16–1(d) (stating amount of support determined from guidelines is presumptively correct). In *Ball v. Minnick,* 538 Pa. 441, 451, 648 A.2d 1192, 1197 (1994), the Supreme Court explained that the "reasonable needs of child as well as reasonable expenses of obligor are factored into the guidelines." In addition, the model provides that individuals who are similarly situated will be treated similarly.

¶ 9 The guidelines are based on economic data drawn from national studies of household expenditures in intact families by income level. The mathematical model covers families with monthly income from $600.00 to $15,000.00. Pa.R.C.P.1910–16–1, Explanatory Comment–1998 A. Under the guidelines support awards are equal to the amount of money that would have been expended on a child had his or her family remained intact. The data, expressed in numerical and percentage figures, are found in the basic child support schedule and chart of proportional expenditures in Pa.R.C.P.1910.16–3. *Id.* at C(2).

¶ 10 The guidelines model also establishes the amount of household income to be allocated to meet the basic needs of a dependent spouse and the obligor's ability to pay. That determination is reflected in the formulas in Pa.R.C.P.1910.16–4 which allocate household income among children, spouse and obligor. The spousal formulas provide a fixed percentage of the income differential between obligor and obligee to a dependent spouse. Where there are no children, the dependent spouse is awarded 40% of the income differential; where there are children, the dependent spouse is awarded 30% of the income differential after the obligor's income is reduced by the amount of his child support obligation.

¶ 11 As the guidelines indicate, their applicability to child support is limited to cases which fall within the income parameters of the underlying studies. The 1998 revision to the guidelines extended coverage to children where after tax family income was $15,000 or less a month. As to child support, the guidelines recognized that they were not applicable to high income cases because the model does not contain data which would establish the children's reasonable needs. Therefore, the guidelines in high end cases direct that child support awards must be calculated by establishing the reasonable needs of the child and the ability of the parents to provide that support. Pa.R.C.P.1910–16–2(e)(2) (directing that child support shall be calculated pursuant to *Melzer v. Witsberger, supra,* when net combined family income exceeds $15,000 per month).[5]

■ ¶ 12 The guidelines are silent on their applicability to high income spousal support. As the controversy surrounding this case attests, it has been unclear whether the same limitation that applies to high income child support is applicable to spousal support. Our research has not revealed any data in the guidelines model that make the guidelines applicable to spousal support in high income families. Therefore, we conclude that the guidelines are not designed to calculate spousal sup-

using the guidelines, the parties, the lawyers and the judges can usually determine in an objective manner the amount of support an obligor owes. The guidelines have proved such a valuable tool because, within certain income parameters, they are based on a mathematical model on the reasonable needs of children or dependent spouses. The mathematical model simply does not cover high income families. Additional guidelines based on a model covering such families, statistically arrived at, would be an important addition to our law.

5. We recognize that the guidelines are applicable to establish a presumptive minimum for child support.

port in high income families where after tax income exceeds $15,000.00 per month. To conclude otherwise, would result in awards that were not contemplated by the model which underpins the guideline system and one that is not based on an analysis of the reasonable needs of the dependent spouse. In such high income cases, the determination of spousal support, as in high income child support cases, must be based on the factors found in *Melzer*. In the absence of a statement in the guidelines themselves that they are applicable, we conclude they are not.

¶ 13 In the instant case, the trial court was asked to determine spousal support in a household where the parties' monthly after tax income is approximately $52,000, more than three times greater than the income parameters of the guideline model. After a thorough analysis Judge Daniele concluded that the support guidelines were not applicable. Relying, in particular, on *Karp v. Karp, supra*, she conducted a needs analysis pursuant to *Melzer, supra*. Her analysis in computing spousal and child support was based on "the needs, the custom, and the financial status" of the parties. Trial Court Opinion, 12/10/99 at 7. She determined that a single award for Wife and child of $13,000.00 a month would cover their reasonable needs.

■ ¶ 14 We agree with Judge Daniele, for the reasons explained above, that the guideline formula for spousal support does not apply in this instance. She correctly undertook an analysis of Wife's and child's reasonable needs.[6] We point out the order in this case was unallocated and that no income was attributable to mother; therefore the trial court properly examined the combined needs of the parent and child. We do not decide whether such a combined needs analysis, as opposed to a separate needs analysis for wife and child, is applicable where the order is allocated or where both parents are required to contribute to the support of the child.

■ ¶ 15 In her second issue, Wife claims that the trial court erred in calculating child support by failing to follow the procedure outlined in the support guidelines for high income child support cases. Pa.R.C.P.1910.16–2(e)(2). Specifically she claims the court did not establish the presumptive minimum amount of support and then undertake a *Melzer* analysis to determine the child's reasonable needs. Husband claims the correct procedure was followed.

¶ 16 Our review of the trial court opinion shows that the court calculated the presumptive minimum amount of child support under the guidelines. Trial Court Opinion, 12/10/99 at 6, 11. However, when the court concluded that an unallocated award of support should be made, she did not use the presumptive minimum in her calculation but merely noted that the $13,000 unallocated award made under *Melzer*, would meet both the child's and the Wife's reasonable needs. *Id.* at 11.

---

6. The cases in this Court suggest in *dicta* that a *Melzer* analysis should be applied to calculate spousal support, *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). The history of the development of support law in Pennsylvania reflects the fact that the *"Melzer* factors" have over time become the building blocks of all support law. In *Melzer*, the Supreme Court instructs that the relevant variables in the computation of a child support award are the dollar amount of the child's reasonable needs and the amount of income available after the deduction of each parent's reasonable expenses. *Melzer*, 505 Pa. at 471–73, 480 A.2d at 995–96. Apparently prompted by *Melzer, see Szillery v. Wheaton*, 382 Pa.Super. 394, 555 A.2d 237 (1989), the Pennsylvania legislature, a year after *Melzer* was decided, incorporated those factors into the statutory law on support. The Act of October 30, 1985, stated:

[t]he courts of common pleas shall develop guidelines for child and spousal support. The guidelines shall be based upon the reasonable needs of the *child or spouse* seeking support and the ability of the obligor to provide support.

23 Pa.C.S. § 4322 (emphasis supplied). Thus, the *Melzer* analysis of reasonable needs became and remains the centerpiece of support awards.

¶ 17 The presumptive minimum protects the child in a high income family from falling below the amount of support a child would receive whose family falls within the guidelines. While it may be desirable for the court in an unallocated order to explain the presumptive minimum in her final order, we cannot find the court erred in this case. The presumptive minimum was $1150, and the unallocated award was $13,000.

■ ¶ 18 Wife also argues that perquisites provided to Husband through his company should have been added to his income for purposes of calculating child and spousal support. " 'All income from whatever source is to be evaluated as well as financial resources and property interests for purposes of calculating support.' " *Heisey v. Heisey*, 430 Pa.Super. 16, 633 A.2d 211, 212–213 (1993) (quoting *Shindel v. Leedom*, 350 Pa.Super. 274, 504 A.2d 353, 355 (1986).) "[P]ersonal perquisites, such as entertainment and personal automobile expenses, paid by a party's business must be included in income." *Id.* at 212. The trial court held that because the company perks in this case benefited both parties they would not be included "in either party's net monthly income." Trial Court Opinion 12/10/99 at 2. We do not find the trial court abused its discretion.[7]

■ ¶ 19 Wife's fifth question asserts that the trial court erred in rejecting her claim for legal fees. The applicable law is 23 Pa.C.S. § 4351, that states:

> If an obligee prevails in a proceeding to establish paternity or to obtain a support order, the court may assess against the obligor filing fees, reasonable attorney fees and necessary travel and other reasonable costs and expenses incurred by the obligee and the obligee's witnesses.

23 Pa.C.S. § 4351(a). Under the foregoing statute, a trial court's decision to grant or deny attorney fees is within the court's sound discretion. The record does not reveal that the trial court abused her discretion.

■ ¶ 20 Finally, Wife requests that we reverse and remand because the trial court failed to afford her an expedited procedure. Wife argues that the trial court violated Pa.R.C.P.1910.11(i) which requires that "the court shall hear the case and enter a final order ... within sixty days from the date of the written demand for a hearing." Pa. R.C.P.1910.11(i). After a review of the record, we find the issue waived.

¶ 21 The initial delay was the result of the assigned judge's belated realization that he had to recuse himself. Thereafter, issuance of the final order was delayed by the request of Wife's counsel to submit a new brief based on Husband's latest tax returns which were not yet available. R.R. 175a. After receipt of Wife's brief the court declined to grant her relief because there had been no significant change in Husband's monthly income. The court gave Wife an opportunity to file a petition to modify her order. Order Sur Support, May 4, 1999. Wife did not file for a modification. Wife failed to object to the untimeliness of the order. In these circumstances, we find Wife's claim on this case waived.

¶ 22 Order affirmed

¶ 23 JOHNSON, J., files a Dissenting Opinion.

JOHNSON, J., dissenting:

¶ 1 I disagree with the Majority's conclusion that the formula for determining spousal support mandated by Pa.R.C.P. 1910.16–4(a) Part IV is not applicable in cases where the parties' net monthly in-

---

7. Wife also argues that the trial court erred "in arbitrarily disallowing $1,000 of monthly clothing and food expenses, 100% of home furnishing expenses, 100% of car purchase expenses, as well as charitable and pet expenses." A review of this complicated record supports the trial court's disallowance.

come exceeds the maximum amount set forth in the guidelines for determining child support. I conclude that the Pennsylvania Rules of Civil Procedure mandate use of the formula to establish a presumptive minimum level of spousal support and also mandate that the trial court consider the factors set forth in Pa.R.C.P.1910.16–5 to determine whether a deviation from the presumptive minimum is warranted. Because the Majority would supplant the procedure mandated by the Pennsylvania Rules of Civil Procedure by an *ad hoc* needs based analysis, I respectfully dissent.

¶ 2 Pursuant to Pa.R.C.P.1910.16–4, spousal support is calculated according to the following formula:

**PART IV. SPOUSAL SUPPORT OR APL**
With Dependent Children

| | | |
|---|---|---|
| 12. | Obligor's Monthly Net Income (Line 4) | _____ |
| 13. | Less Obligee's Monthly Net Income (Line 4) | (____) |
| 14. | Difference | |
| 15. | Less Obligor's Total Child Support Obligation (Line 11) | (____) |
| 16. | Difference | |
| 17. | Multiply by 30% | X .30 |
| 18. | AMOUNT OF MONTHLY SPOUSAL SUPPORT OR APL | _____ |

Pa.R.C.P.1910.16–4(a) Part IV. Unlike the guidelines for child support, the formula for determining spousal support is not upwardly limited by a maximum amount of combined net monthly income. Furthermore, because the formula is based on a percentage of the obligor's income, the obligee's needs are not relevant under Rule 1910.16–4(a) Part IV.

¶ 3 The foregoing formula is to be applied in accordance with Pa.R.C.P.1910.16–1:

**(a) Applicability of the Support Guidelines.** The support guidelines set forth the amount of support which a spouse or parent should pay on the basis of both parties' net monthly incomes as defined in Rule 1910.16–2 and the number of persons being supported. The support of a spouse or child is a priority obligation so that a party is expected to meet this obligation by adjusting his or her other expenditures.

**(b)** The amount of support (child support, **spousal support** or alimony pendente lite) to be awarded pursuant to the procedures under Rules 1910.11 and 1910.12 **shall be determined in accordance with the support guidelines** which consist of the guidelines expressed as the child support schedule and the chart of proportional expenditures set forth in Rule 1910.16–3, the **formula set forth in Rule 1910.16–4** and the operation of the guidelines as set forth in these rules.

\* \* \* \* \*

**(d)** If it has been determined that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded. **The support guidelines are a rebuttable presumption and must be applied taking into consideration the special needs and obligations of the parties.** The trier of fact must consider the factors set forth in Rule 1910.16–5. The presumption shall be rebutted if the trier of fact makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate.

Pa.R.C.P.1910.16–1 (emphasis added). The language of these rules is mandatory. Spousal support must be determined according to the formula set forth in Rule 1910.16–4. After a court calculates the presumptive minimum for spousal support, it must then consider Pa.R.C.P.1910.16–5 to determine whether a deviation is warranted. A deviation is permitted if the presumptive minimum is either inappropriate or unjust to either party. *See id.*

¶ 4 Rule 1910.16–5 enumerates the factors that a court must consider in deciding whether to deviate from the presumptive minimum amount of spousal support:

**Rule 1910.16–5. Support Guidelines. Deviation**

**(a)** If the amount of support deviates from the amount of support determined by the guidelines, the trier of fact shall specify, in writing, the guideline amount of support, and the reasons for, and findings of fact justifying, the amount of the deviation.

**(b)** In deciding whether to deviate from the amount of support determined by the guidelines, **the trier of fact shall consider**:

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) assets of the parties;

(6) medical expenses not covered by insurance;

(7) standard of living of the parties and their children;

(8) in a spousal support or alimony pendente lite case, the period of time during which the parties lived together from the date of marriage to the date of final separation; and

(9) other relevant and appropriate factors, including the best interests of the child or children.

Pa.R.C.P.1910.16–5 (emphasis added).

¶ 5 Despite the unambiguous language of these rules, the Majority concludes that because the guidelines do not expressly state that they are applicable to "high income families" the guidelines should not be applied when the net monthly income exceeds $15,000 per month (the maximum amount set forth in the guidelines for determining child support). Majority Slip Opinion at 1088–89. The Majority states that "[t]o conclude otherwise, would result in awards that were not contemplated by the model which underpins the guideline system and one that is not based on an analysis of the reasonable needs of the dependent spouse." *Id.* This statement completely ignores the procedure mandated by Pa.R.C.P.1910.16–1(d) that "the

support guidelines are a rebuttable presumption and **must be applied** taking into consideration the **special needs** and obligations of the parties," and that "[t]he trier of fact **must consider** the **factors** set forth in **Rule 1910.16–5**." Pa.R.C.P. 1910.16–1(d) (emphasis added). The guidelines require the trier of fact to consider the specific circumstances of each case to determine whether a deviation from the presumptive minimum is warranted. *See id. See also* Pa.R.C.P. 1910.16–5(b). The trier of fact **must** consider, *inter alia:* (1) the parties' "standard of living"; (2) their "unusual needs or unusual fixed obligations"; and (3) any other "relevant and appropriate factors." *Id.* Thus, the Majority's concern that the application of the guidelines in cases involving "high income families" may result in awards that are not contemplated by the guidelines is unfounded.

¶ 6 Moreover, I also conclude that the trial court erred in calculating child support and in not including perquisites when calculating the parties' net monthly income. Prior to the adoption of the guidelines for child support, courts determined child support according to the analysis set forth by our Supreme Court in *Melzer. See Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). The *Melzer* analysis requires a court to "first calculate the reasonable expense of raising the children involved, based upon the particular circumstances—the needs, the custom, and the financial status—of the parties." 480 A.2d at 995. "The court must next determine, as a matter of fact, the respective abilities of the parents to support their children. This Court has held that '[e]ach parent's ability to pay is dependent upon his or her property, income and earning capacity....'" *Id.* at 996 (quoting *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866, 868 (1975)). The final step in the *Melzer* analysis is to calculate each parent's total support obligation according to a formula set forth in *Melzer,* and then subtract from that figure any amount of support provid-

ed directly to the child that actually satisfies "the obligation of reasonable and necessary support." *Id.*

¶ 7 Following the adoption of the guidelines for child support, the courts ceased applying *Melzer* in situations where they could calculate child support based on the figures set forth in the guidelines. The guidelines enable courts to make a simple determination of child support when the parents' combined net monthly income falls within the range of the guidelines. However, the guidelines are not equipped to calculate child support when the parents have an extraordinarily high combined net monthly income. Currently, the guidelines cannot be used to calculate child support where the parents' combined net monthly income exceeds $15,000. *See* Pa.R.C.P. 1910.16–3. The rules, however, do mandate an alternative procedure when the parents' combined net monthly income exceeds the maximum range of the guidelines:

(2) *High Income Child Support Cases.*

When the parties' combined net income exceeds $15,000 per month, child support **shall** be calculated pursuant to *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). The presumptive minimum amount of child support shall be obligor's percentage share of the highest amount of support which can be derived from the schedule or the chart for the appropriate number of children and using the parties' actual combined income to determine obligor's percentage share of this amount. The court may award an additional amount of child support based on the remaining combined income and the factors set forth in *Melzer.*

Pa.R.C.P.1910.16–2(e)(2) (emphasis added).

¶ 8 In the instant case, the court found that Husband and Wife's combined net monthly income was $52,000. Therefore, because their combined net monthly income exceeds the maximum amount under the guidelines, the trial court was bound to conduct a *Melzer* analysis to determine the amount of child support. *See id. See also Calabrese v. Calabrese,* 452 Pa.Super. 497,

682 A.2d 393, 395 (1996). Prior to conducting a *Melzer* analysis, the court was also bound to calculate a presumptive minimum level of child support based on the highest amount of support that could be derived from the child support guidelines. *See id.*

¶ 9 In her first question presented to this Court, Wife claims that the trial court erred by not calculating an award of child support based on a presumptive minimum amount established by the guidelines set forth in Pa.R.C.P.1910.16–3. Further, Wife argues that after a court has calculated the presumptive minimum, it must then do a *Melzer* analysis to determine the needs of the child. Husband claims that the trial court calculated a presumptive minimum child support amount and then applied *Melzer.* Thus, while both parties agree that the amount of child support should be determined by first establishing a presumptive minimum and then applying *Melzer,* they disagree as to whether the trial court properly applied *Melzer.* Though Wife also argues that the trial court did not calculate a presumptive minimum of child support, the trial court opinion clearly shows that the court did in fact calculate the presumptive minimum under the guidelines. Trial Court Opinion at 6, 11.

¶ 10 Wife claims that the trial court failed to properly apply a *Melzer* analysis because it did not calculate the reasonable expenses of raising the child involved and it analyzed the expenses for Wife and Child together without specifying the reasonable expenses of raising Child individually. A proper *Melzer* analysis necessarily begins with a determination of the needs of the child. *See Melzer,* 480 A.2d at 995. The trial court's opinion and order reveal no such determination. Husband claims that the Wife should not now be heard to allege trial court error for its failure to consider the needs of Child individually because Wife failed to present evidence that differentiated her expenses from those of Child. I note that Husband does not direct this Court to any authority to

support the proposition that the procedure to be followed in support actions is a function of the evidence that the parties introduce. Moreover, the record belies Husband's claim that Wife did not present evidence regarding Child's needs. Evidence was introduced regarding the precise costs of Child's private school, summer camp, piano lessons, tennis lessons, gymnastics, and art classes. N.T., 9/9/97, at 61, 62, 106. Consequently, I conclude that the trial court's failure to make an individual determination of Child's needs was an error of law. *See Melzer,* 480 A.2d at 995.

¶ 11 In the third question Wife presents to this Court, she argues that perquisites supplied to Husband by Husband's company should have been added to his income for purposes of calculating child and spousal support. " 'All income from whatever source is to be evaluated as well as financial resources and property interests' for purposes of calculating support." *Heisey v. Heisey,* 430 Pa.Super. 16, 633 A.2d 211, 212–13 (1993) (quoting *Shindel v. Leedom,* 350 Pa.Super. 274, 504 A.2d 353, 355 (1986)). "[P]ersonal perquisites, such as entertainment and personal automobile expenses, paid by a party's business must be included in income." *Heisey,* 633 A.2d at 212. Husband argues that the trial court did not err in excluding perquisites supplied by Husband's company because the company also paid for certain expenses of Wife and Child. Husband does not support his argument with any citation to legal authority, nor am I aware of any authority that states that when both parties receive perquisites, these perquisites somehow negate one another. As stated above, perquisites are to be considered income for purposes of determining child and spousal support. Accordingly, I conclude that the trial court committed an error of law in failing to include the parties' perquisites when calculating the child and spousal support.

¶ 12 In conclusion, the guidelines established by our Supreme Court mandate a specific procedure that can adequately handle child or spousal support cases where the parties' net monthly income exceeds $15,000. The trial court's method for determining support in this case disregards our Supreme Court's mandate, and the Majority now places this Court's imprimatur on the trial court's method of calculating support. For this reason, I must respectfully dissent.