629 A.2d 170

**Deanna BRANCH, Appellee,**

v.

**Michael JACKSON, Appellant.**

**Deanna BRANCH, Appellant,**

v.

**Michael JACKSON, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1993.

Filed Aug. 12, 1993.

418

---

Mark J. Goldberg, Pittsburgh, for Michael Jackson.

J. Richard Narvin, Pittsburgh, for Deanna Branch.

Before ROWLEY, President Judge, and JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

These cross appeals are from an order directing Michael Jackson ("Father") to pay $2,000.00 per month for child support and $3,000.00 per month into a trust fund for the parties' minor child. For the reasons below, we vacate the order and remand for further proceedings.

The parties hereto are the parents of one child, Michael Jackson, Jr., born November 12, 1988. Mother earns $400.00 per month as a drug store cashier. Father, a major league baseball player, nets $75,000.00 per month.

Both parties have appealed. Father's issues are:

(1) The support order is excessive and confiscatory as it bears no relationship to the child's reasonable needs.

(2) The court abused its discretion in ordering Father to establish and pay $3,000.00 per month into a trust for future expenses.

Mother's claims are:

(1) The support order is inadequate in view of Father's income.

(2) The court erred in its determination of retroactivity.

■ Because the record does not reveal a calculation of the child's reasonable needs, we are unable to determine whether the order is excessive, inadequate or just right. We are constrained therefore to vacate the order and remand for further proceedings. In light of this disposition, we will not at this time address the remaining issues.

■ Because of Father's income, this case falls outside the Support Guidelines and support must be determined pursuant to case law. Pa.R.Civ.P. 1910.16–5(d). In order to determine an appropriate support order, the court must determine each parent's income and/or earning capacity and the reasonable needs of the child involved. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Reasonable needs are not, of course, limited to the bare necessities of life. *Id.* The reasonable needs of a child whose parent or parents are wealthy may well include items which would be considered

frivolous to parents who are less well off. As was so eloquent-ly stated by the Honorable Robert E. Woodside:

"... 'necessaries,' and 'luxuries' are relative matters....

"Children of wealthy parents are entitled to the edu-cational advantages of travel, private lessons in music, dra-ma, swimming, horseback riding, and other activities in which they show interest and ability. They are entitled to the best medical care, good clothes, and familiarity with good restaurants, good hotels, good shows, and good camps. It is possible that a child with nothing more than a house to shelter him, a coat to keep him warm and sufficient food to keep him healthy will be happier and more successful than a child who has all the 'advantages,' but most parents strive and sacrifice to give their children 'advantages' which cost money.

A wealthy father has a legal duty to give his children the 'advantages' which his financial status indicates to be rea-sonable....

[A parent] should not be forced by a support order to make personal sacrifices to give them all the advantages to which we referred above, but a father with the assets, the youth, and the ability of the defendant can furnish his children with these advantages without any recognizable sacrifice on his part."

*Hecht v. Hecht,* 189 Pa.Super. 276, 283–84, 150 A.2d 139, 143 (1959).

While conceding this principle, Father argues that, because the child was born out of wedlock and has always lived with Mother, Mother's lifestyle is controlling. We can-not agree. Our Supreme Court and this court have consis-tently held that a child is entitled to support in an amount commensurate with his parents' station in life. *Melzer v. Witsberger, supra; Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *Lesko v. Lesko,* 392 Pa.Super. 240, 572 A.2d 780 (1990); *Hecht v. Hecht, supra.* No case law limits this principle only to children whose parents have been married. To the contrary, due process requires that children born out of

wedlock be treated the same as children born during marriage. *Nichols v. Horn,* 363 Pa.Super. 301, 525 A.2d 1242 (1987). By statute, children born out of wedlock enjoy "all the rights and privileges as if they had been born during the wedlock of their parents." 23 Pa.C.S. § 5102.

Those cases which have created or discussed distinctions between children born out of wedlock and those born in wedlock are the exception and have concerned problems with proof of paternity. See discussion in *Estate of Greenwood,* 402 Pa.Super. 536, 587 A.2d 749 (1991). Paternity is not at issue in this case so no such insurmountable proof problems present themselves.

We note that Father has stipulated that his income is sufficient "to pay any order this Court might enter ..." Tr. 1/14/92 at p. 3. Therefore, Father does not argue that the order in question imposes any financial hardship on him. In passing, we note that had the record contained sufficient information, we would not have found the order herein to be unreasonable solely on the basis of the amount.

Father's complaint that an order commensurate with his income and lifestyle will result in a windfall to Mother is a make-weight argument. Obviously, if the child lives with Mother, Mother may indirectly benefit from certain of the child's needs, for example, improved housing. However, that is no reason why the child should be shortchanged by denying him support commensurate with his Father's income and lifestyle.

We recognize, as did the trial court, that Mother's budget may or may not be indicative of the reasonable needs of the child when viewed in terms of Father's income and standard of living. However, we see no reason why Mother cannot present, and the court consider, estimates of certain costs, e.g., the cost of housing which is not shared with other family members,[1] or the cost of a nursery school or other items which may be appropriate. We therefore vacate the order and remand for further proceedings consistent with this memorandum.

1. Mother currently shares living quarters with her brother.

Order vacated and case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.