**Schall v. Schall**

*Julia R. Cronin,* for plaintiff.

*LeDon Young,* for defendant.

BROWN JR., *S.J.,* January 28, 2008—Before the court are claims for equitable distribution of the parties' marital assets, alimony, counsel fees, costs and expenses. Hearings addressing all claims were held on April 23 and June 1, 2007. Transcripts were prepared. Both parties submitted proposed findings of fact, conclusions of law and orders.

## FINDINGS OF FACT

In accordance with section 3502 of the Divorce Code, the court must consider the factors set out below in determining equitable distribution of property. Upon consideration of evidence presented at hearings and the submissions of the parties, this court finds the following:

(1) *Length of marriage:* Plaintiff Joseph Schall (Husband) and defendant Cheryl Schall (Wife) were married January 8, 1977. The parties separated on February 26, 2004. They were divorced by decree of this court on May 4, 2006.

(2) *Any prior marriage of either party:* This was the first marriage for both parties. Subsequent to the divorce, Husband married Diane Lathers, now Diane Schall.

(3) *Age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each party:*

(i) *Age:* At the time of the June 1, 2007 equitable distribution hearing, Wife was 49 years of age, having been born on March 22, 1958; Husband was 51 years of age, having been born on May 22, 1956.

(ii) *Health:* Wife is in good health, and has no unusual health conditions or concerns that she believes would impact her earning potential. Husband is in good health, but suffers from recurring gout attacks, for which he takes prescribed medication. The gout attacks have not impacted his ability to work.

(iii) *Station:* The parties enjoyed a middle class lifestyle during their marriage.

(iv) *Amount and sources of income:* Wife is currently employed as a certified nursing assistant (CNA) at Foxdale Nursing Home in State College, Centre County, Pennsylvania, earning $21,469.76 per year.

Husband is currently employed by the United States Army maintaining a database on High Mobility Multipurpose Wheeled Vehicles (HMMWV), and is serving on active duty at Letterkenny Army Depot in Chambersburg, Pennsylvania, maintaining databases. Husband's 2007 anticipated gross income is $56,000. Prior to going on active duty with the Army, Husband held several different civilian jobs as a laborer.

(v) *Vocational skills; employability:* Wife is a high school graduate. She received certified nursing assistant (CNA) training through lecture and clinical courses, and passed the CNA certification exam. She has not looked for jobs outside of the nursing field.

Husband is a high school graduate. He received training while in the Army Reserves in electronics and vehicle mechanics, and he maintains databases in his current position at Letterkenny. He has no opportunity for promotion in the Army, as he is in his 34th year of service; thus, the Army can discharge him at any time and he will have to return to a civilian job.

(vi) *Estate:* There is no evidence either party expects any significant inheritance or legacy.

(vii) *Liabilities and needs of each party:* There are two mortgages on the marital residence which are joint liabilities of the parties. The first mortgage is with Omega Bank with a payoff amount of $14,114.96. The second mortgage is an installment loan account, also with Omega Bank, with a payoff amount of $2,506.25. Wife is currently residing in the marital residence with adult son Brent and minor son Eric. She has resided there since the time of the separation. Wife is currently paying both mortgages, which amounts to $438.04 per month. Wife's debts at the time of hearings include a credit card with Omega Bank with a balance of $943.73; a vehicle loan with First Commonwealth Bank with a balance of $786.78, and legal fees of $3,670. $1,200 has been paid. Wife's monthly expenses amount to $2,771.26, exclusive of legal fees.

Husband currently resides in a rented townhouse with his wife, who contributes to the payment of the monthly expenses. The monthly payment on the townhouse is $700. Husband's credit card debts at the time of hearings include: Chase Bank, with a balance of $12,757.21; Discover, with a balance of $2,601.53; and Wachovia, with a balance of $12,225.71. Total monthly payments are approximately $1,000. Husband's other liabilities include an account with Omega Bank with a balance of $3,372.30, child support and alimony pendente lite obligations of $1,354 per month, a vehicle payment of $465 per month, and total legal fees to date of $10,441.25. Husband's monthly expenses amount to $4,293.50, exclusive of legal fees.

(4) *Contribution by one party to education, training, or increased earning power of other party:* Wife remained at home and was the primary caretaker of the children when they were young. She did not work outside the home until after the youngest child was born. Husband was working for the Army Reserves and various other jobs to support the family. Husband paid for Wife's CNA class tuition and certification exam, and supported her during her studies.

(5) *Opportunity of each party for future acquisitions of capital assets and income:* Husband and his current wife will have more ability to acquire future assets than Wife, due to their combined income and Husband's current income being substantially more than Wife's current income. Wife is currently supporting herself and the parties' youngest son on her paycheck and child support. Husband is in his 34th year of service with the Army. He could be discharged at any time and would then need to return to a civilian job.

(6) *Sources of income of both parties, including, but not limited to, medical, retirement, insurance, or other benefits:* Wife receives income through her employment as a CNA at Foxdale Nursing Home, and has medical insurance coverage through her employer. Wife participates in a retirement plan through TIAA-CREF. Wife also receives alimony pendente lite and child support.

Husband receives income through his employment with the United States Army and has medical insurance coverage through the military. Husband has retirement benefits through the military, as well as from his prior employment. Husband has been paying alimony pendente lite and child support since March 2004.

(7) *Contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker:* Both parties contributed to the acquisition, preservation and appreciation of the marital property during marriage. Husband worked during the marriage in both civilian jobs and in the U.S. Army, and continued to find work when job opportunities closed to him due to no fault of his own. Income from his employment was used to pay household bills.

Wife remained at home to care for the children when they were young, so Husband could go on deployment and assignments from the U.S. Army. She contributed where she could by baby-sitting and taking jobs in the neighborhood. When the children were old enough, Wife sought employment at Foxdale and started her CNA training.

(8) *Value of property set apart to each party:*

(i) *Marital residence:* The parties purchased their marital residence located at 1087 Spruce Road, Clarence, Centre County, Pennsylvania. The value of the property is $105,000. There are two mortgages on the home through Omega Bank, one with a remaining balance of $14,114.96, and the second with a remaining balance of $2,506.25. The parties have agreed that Wife shall retain the marital residence subject to the mortgage debt. She will refinance the debt to remove Husband's name from the title.

(ii) *Retirement plan:* Husband acquired retirement benefits through his employment with the U.S. Army and from his prior civilian employment. Husband's military retirement system defined benefit pension plan has a

current value of $93,934. Husband also retains a Merrill Lynch IRA account with a value of $62,733.85, as well as a life insurance policy through AXA Equitable Life Insurance, with a value of $5,575.92.

Wife participates in a retirement benefit plan through TIAA-CREF, wherein her employer matches her contributions. The current value of the TIAA-CREF account is $8,659.80. Wife also retains a State Farm life insurance policy with a value of $669.33.

The parties agree Husband will retain the AXA Equitable Life Insurance policy, and Wife will retain the TIAA-CREF retirement plan and State Farm life insurance policy.

(iii) *Motor vehicles:*

(1) The parties purchased a 1992 Toyota pickup truck during their marriage. Husband signed title of this vehicle to Wife with the intention that the parties' son, Brent, would sell it to purchase a new vehicle. He did so. The parties disagree on which, if either, party should be credited with the proceeds from the sale. Husband contends Wife should be credited with the proceeds from the sale. Wife contends the proceeds should be credited to the parties' son Brent as a gift.

(2) The parties purchased a 1994 Dodge Dakota truck during their marriage. The current value of the vehicle is $1,980. The parties agree that Husband is to retain this vehicle.

(3) The parties purchased a 2002 Pontiac Grand Am automobile during their marriage. The current value of the vehicle is $3,490, with a remaining balance of $786.78 on the vehicle loan. The parties agree Wife is to

retain this vehicle, and she will assume the remaining debt on the vehicle loan.

(iv) *Bank accounts:* Wife received the Omega Bank Holiday Club account with a value of $500.

(v) *Personal property:* Wife received $7,368 in household furnishings and personalty upon separation. Husband received $1,890 in household furnishings and personalty. Wife agrees to give Husband the German beer stein, propane stove heater/hand warmer, Tupperware wheeled cabinet with items stored therein, and Coleman lantern, which are in her possession. Wife agrees to give Husband his Christmas boot and stocking (a gift from his mother), but she believes they may have been discarded. Wife agrees to give Husband four single tie-on tire chains, if they can be located.

(vi) *Debts:* Wife paid for appraisals of personal property by Ron Gilligan ($150) and by Millers Gun Shop ($25). Husband paid for valuation of military retirement to Conrad Siegel ($625) and for appraisal of real property to John Curtin ($525). Husband charged $1,216.32 on the Omega Bank credit account used towards purchase of 1992 Toyota pickup truck and $2,155.98 on the Omega Bank installment loan for household items and bills.

(9) *Standard of living during marriage:* Parties had a middle class standard of living during the marriage.

(10) *Economic circumstances of each party, including federal, state, and local tax ramifications, at the time division of property is to become effective:* There are no significant tax consequences from the division of property.

(11) *Whether the party will be serving as custodian of any dependent minor children:* The parties' youngest son, Eric (17 years old), lives in the marital home with Wife. Eric has a learning disability, and needs supervision and has to be shown how to do things. Eric does help with household chores and carpentry work, participates in a vocational-technical program, and is employed at a tool shop. It is anticipated that he will continue to live with his mother (Wife) after high school graduation in June 2008.

(12) *Marital misconduct:* Husband admits he began an adulterous relationship five months before he left the martial home, and that he misled Wife about it. There is no evidence of marital misconduct during the marriage on the part of Wife.

(13) *Whether the party seeking alimony lacks sufficient property to provide for the party's reasonable needs:* Wife's income is less than Husband's income. Wife does have retirement benefits through TIAA-CREF, but the value of these assets is substantially less than Husband's retirement benefits. Wife has been residing at the marital residence, and will be assuming the mortgage liability on that residence.

(14) *Whether the party seeking alimony is incapable of self support through appropriate employment:* Wife has secured appropriate employment. However, her income is substantially less than Husband's income. Wife is currently receiving both child support and alimony pendente lite. Wife is presently able to meet her financial obligations with her income, in addition to alimony pendente lite.

## CONCLUSIONS OF LAW

(1) The trial court has broad discretion in determining equitable distribution of marital property. *Twilla v. Twilla,* 445 Pa. Super. 86, 89, 664 A.2d 1020, 1022 (1995).

(2) Equitable distribution does not necessarily mean an equal division. *Platek v. Platek,* 309 Pa. Super. 16, 454 A.2d 1059 (1982).

(3) There is a presumption that property acquired by either party during the marriage is marital property. 23 Pa.C.S. §3501(b).

(4) In equitable distribution of marital property, the court must view the parties' situation in light of the totality of the circumstances and consider all of the relevant factors set forth in the Divorce Code at 23 Pa.C.S. §3501(a). 23 Pa.C.S. §3502.

(5) "The trial court has the authority to divide the marital property as the equities presented in [a] particular case may require." *Teodorski v. Teodorski,* 857 A.2d 194, 199 (Pa. Super. 2004). (internal quotation marks omitted)

(6) Marital property must be distributed with reference to value proximate to the date of distribution. *Wellner v. Wellner,* 699 A.2d 1278, 1283 (Pa. Super. 1997).

(7) The trial court in an equitable distribution matter is entitled to assess the credibility of the evidence presented.

(8) "An award of counsel fees is warranted when it will promote the fair administration of justice by enabling the dependent spouse to maintain or defend the case

without being placed at a financial disadvantage." *Miller v. Miller,* 744 A.2d 778, 790 (Pa. Super. 1999).

(9) Relevant factors to consider in determining whether to award counsel fees include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution. *Id.*

(10) To determine whether alimony is necessary, the court must consider all relevant factors, including those statutorily prescribed at 23 Pa.C.S. §3701(b). *Twilla, supra* at 90, 664 A.2d at 1022; *Nemoto v. Nemoto,* 423 Pa. Super. 269, 620 A.2d 1216 (1993).

"The purpose of alimony is . . . to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment are met." *Twilla,* 445 Pa. Super. at 90, 664 A.2d at 1022.

(11) Alimony following divorce is a *secondary remedy* and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employment skill. *Twilla v. Twilla,* 445 Pa. Super. 86, 90, 664 A.2d 1020, 1023 (1995) (citing *Nemoto,* 423 Pa. Super. at 275-76, 620 A.2d at 1219).

(12) Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. *Twilla v. Twilla,* 445 Pa. Super. 86, 90, 664 A.2d 1020, 1023 (1995) (citing *Perlberger v. Perlberger,* 426 Pa. Super. 245, 277-78, 626 A.2d 1186, 1203 (1993)).

(13) If a spouse uses marital funds to satisfy the parties' joint obligations, this constitutes a disposition in good faith and that spouse does not have to account for such marital funds. These marital funds are properly excluded from the marital estate. *Smith v. Smith,* 439 Pa. Super. 283, 305, 653 A.2d 1259, 1270 (1995). See *Duff v. Duff,* 510 Pa. 251, 507 A.2d 371 (1986).

(14) An award of long term or indefinite alimony is dependent upon the length of time the parties were married. The court may also consider whether previous spousal or child support was already paid in determining the length of time for alimony. If time period requested for alimony inequitably exceeds the length of time the parties were married, it may not be awarded. *Teodorski v. Teodorski,* 857 A.2d 194, 201 (Pa. Super. 2004).

## DISCUSSION

Wife proposes a division of marital property that would entitle her to 67 percent of the marital assets, including the entire value of the Merrill Lynch IRA account ($62,733.85), and $11,000 from Husband's military retirement system defined benefit pension plan (current value: $93,934). Wife also requests alimony in the amount of $1,000 per month for 11 years, as well as counsel fees and costs. Husband requests a 50/50 division of marital property.

Husband proposes alimony payments be reduced to $495/month until June 2008, when minor son Eric turns 18. Husband also requests that Wife's claim for counsel fees and costs be denied.

## (1) *Division of Marital Assets*

The court determines an equitable division of the marital assets dictates a division such that 55 percent of the parties' total marital equity is allocated to Wife and 45 percent of the total marital equity is allocated to Husband.

The parties were married for approximately 27 years. Four children were born of the marriage. During the marriage, Husband was employed full-time in either the U.S. Army or in civilian employment, and provided the family with financial support. During the marriage, Wife was not employed while the children were young, but she contributed where she could by baby-sitting and taking jobs in the neighborhood. The parties enjoyed a middle class lifestyle during their marriage.

Husband is 51 years old and Wife is 49 years old. Both parties are in good health, and have no health problems that affect their ability to work. Husband is employed with United States Army with an anticipated gross income of $56,000 in 2007. Wife is employed at Foxdale Nursing Home with an income of $21,469.76 per year. Wife is also receiving spousal support/alimony pendente lite and child support from Husband. Husband's income is substantially more than Wife's income.

Husband married again and lives with his wife in a rented townhouse. Husband makes monthly rent payments of $700.

Based upon the factors discussed above, the court determines a division of marital assets such that Wife receives 55 percent of the marital equity and Husband receives 45 percent of the marital assets is appropriate and equitable.

## (2) *Counsel Fees*

Wife has requested Husband pay her counsel fees and costs associated with this matter. In making a determination to award counsel fees, the court must consider the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution. *Miller v. Miller,* 744 A.2d 778, 790 (Pa. Super. 1999). Wife maintains she has incurred fees of approximately $3,670, of which $1,200 has already been paid. Based upon property and assets Wife is receiving in equitable distribution in this matter, the court determines an award of $500 for counsel fees is warranted.

## (3) *Alimony*

The court may allow alimony, as it deems reasonable, to either party if it finds that alimony is necessary. The legislature sets out 17 factors to be considered in determining the nature, amount, duration and manner of payment of alimony. Most of these factors have been discussed relative to the distribution of property. The factors not previously considered, or not considered in sufficient detail, are set forth below:

"(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under chapter 35 (relative to property rights), to provide for the party's reasonable needs."

It is apparent to the court that the equitable distribution of property ordered herein will not be sufficient to provide for Wife. The only viable solution for Wife's needs is an award of alimony.

The goal of alimony is to effect economic justice between the parties. *Williams v. Williams,* 373 Pa. Super. 143, 540 A.2d 563 (1988). Prior to 1980, alimony was not a statutory remedy available in divorces. The Divorce Code of 1980 established alimony as a rehabilitative and limited remedy. The requesting party was required to establish his or her inability to support himself or herself with employment or assets. The amendments in 1988 eliminated the threshold requirement of having to establish an inability of self support, changing the nature of alimony to be more flexible in allowing a court to effectuate economic justice. Alimony is no longer just for limited durations; it can be permanent. It can also be awarded even when the requesting spouse is employed.

Alimony is not to be used to reward or punish one party or the other. The goal of alimony is to ensure that the reasonable needs of the party unable to support himself or herself through employment, are met. *Twilla v. Twilla,* 445 Pa. Super. 86, 90, 664 A.2d 1020, 1022 (1995). Alimony is based on the reasonable needs of the recipient based on the lifestyle and standard of living established by the parties during the marriage, as well as on the payor's ability to pay. *Id.* A party may be employed, but still unable to reach the marital standard of living. In such a case, alimony is appropriate. *Isralsky v. Isralsky,* 824 A.2d 1178 (Pa. Super. 2003). What the payor can afford to pay is the question, not what he is willing to pay. *Karp v. Karp,* 455 Pa. Super. 21, 27, 686 A.2d 1325, 1328 (1993).

Wife is barely able to support herself on the $495 per month she currently receives in alimony pendente lite

when considered in addition to her income from employment. Her income and expense statement makes a reasonable claim of her monthly needs as $2,771.26. That amount includes Wife's previous monthly automobile payment of $393.39. The monthly car payment on the Pontiac Grand Am automobile is $260, a difference of $133.39. Wife also receives monthly contributions from her son Brent in the form of $160 for heat (coal) in winter and various amounts for food throughout the year. Wife's monthly income after taxes and other deductions is approximately $1,100. The court determines Wife's monthly expenses are $2,577.87. Wife has a shortfall of approximately $982.87 per month.

The court determines an award of alimony to Wife is necessary. The court determines economic justice and Wife's reasonable needs cannot be achieved solely by equitable distribution of the marital property as outlined below. In the present case, given Husband's earnings, this court determines economic justice will be served by requiring Husband to pay alimony to Wife.

Evaluation of the factors in the instant case, dictates the marital property be distributed according to the following order:

## ORDER

And now, January 28, 2008, after hearing and upon consideration of arguments of counsel, this court enters an order distributing the parties' marital assets such that 55 percent of the parties' total marital equity is allocated to Wife, and 45 percent of the total marital equity is allocated to Husband.

Specifically, the marital assets are distributed as follows:

| ASSETS & SECURED LIABILITIES: | Value | To Husband | To Wife |
|---|---|---|---|
| *Real Property* | | | |
| 1087 Spruce Road, Clarence, PA | $ 105,000 | | $ 105,000 |
| Less: Omega Bank Mortgage no. ***-****** | $(14,114.96) | | $(14,114.96) |
| Less: Omega Bank line of credit no. **-******* | $ (2,506.25) | | $ (2,506.25) |
| *Accounts/Investments* | | | |
| Omega Bank "Holiday Club" account no. ********* | $ 500 | | $ 500 |
| *Retirement Benefits/Accounts* | | | |
| Military Retirement System defined benefit pension plan | $ 93,934 | $ 93,934 | |
| Merrill Lynch IRRA account no. ******** | $ 62,733.85 | $ 22,502.63 | $ 40,231.22 |
| TIAA-CREF | $ 8,659.80 | | $ 8,659.80 |
| *Life Insurance* | | | |
| AXA Equitable Life Insurance Co. no. ******** | $ 5,575.92 | $ 5,575.92 | |
| State Farm Whole Life Insurance no. **-***-**** | $ 669.33 | | $ 669.33 |

*Other*

| | Col A | Col B | Col C |
|---|---|---|---|
| 2002 Pontiac Grand Am | $ 3,490 | | $ 3,490 |
| Less: First Commonwealth Bank vehicle loan | $ (786.78) | | $ (786.78) |
| 1994 Dodge Dakota 1992 Toyota Pickup | $ 1,980 | $ 1,980 | |
| Household furnishings and personalty | $ 9,258 | $ 1,890 | $ 7,368 |
| UNSECURED LIABILITIES: | | | |
| *Credit Cards* | | | |
| Omega Bank line of credit account no. OPN-********** | $ (1,216.32) | $ (1,216.32) | |
| Omega Bank installment loan account no. ********** | $ (2,155.98) | $ (2,155.98) | |
| *Other Liabilities* | | | |
| Ronald Gilligan appraisal | $ (150) | | $ (150) |
| Miller's Gun Shop appraisal | $ (25) | | $ (25) |
| Conrad Siegel valuation | $ (625) | $ (625) | |
| John Curtin appraisal | $ (525) | $ (525) | |
| NET WORTH | $269,695.61 | $121,360.25 | $ 148,335.36 |

The marital assets are further distributed as follows:

(1) Vehicles

(a) The only vehicle at issue is the 1992 Toyota pickup truck. It shall be treated as having been given, by both parties, to the parties' son Brent. No value has been allocated for this vehicle in equitable distribution.

(b) The parties shall execute all documents necessary to transfer sole ownership of the 2002 Pontiac Grand Am automobile and the 1994 Dodge Dakota pickup truck into the respective party's name alone as soon as reasonably possible.

(2) Wife shall return all non-marital personal property belonging to Husband now in Wife's possession, including but not limited to the German beer stein, propane stove heater/hand warmer, Tupperware wheeled cabinet with items stored therein, and Coleman lantern within 60 days of this order. Within 60 days of this order, Wife shall look for the Christmas boot and stocking and four single tie-on tire chains and, if located, give them to husband.

(3) Husband shall return all non-marital personal property belonging to Wife now in Husband's possession.

(4) Husband's Merrill Lynch IRRA, account no. *** *****, shall be divided between Husband and Wife, with Husband to receive a 35.87 percent share and Wife to receive a 64.13 percent share of the benefits that have accrued as of February 26, 2004 (as stipulated by the parties, $62,733.85). This division shall be effective as of February 26, 2004, the date of the parties' separation, and shall include any increase or decrease in Wife's proportionate share until the date the separate account for Wife has been created and funded. This transfer of IRRA funds is required as part of the property settlement and is intended to be tax-free under Internal Revenue Code section 408(d)(6).

(5) Husband shall be responsible for payment of the balance owed on the following obligations:

(a) The Omega Bank line of credit no. OPN-\*\*\*\*\*\*\*\*\*\*, with a balance of $1,216.32.

(b) The Omega Bank installment loan no. \*\*\*\*\*\*\*\*\*\*, with a balance of $2,155.98.

It is further ordered as follows:

Effective January 31, 2008, the payment for alimony pendente lite previously required by this court in its order dated April 28, 2006, shall cease. Husband shall now be obligated to make payments of alimony to Wife in the amount of $1,000 per month for a period of 11 years, beginning February 1, 2008, and running through January 31, 2019. The payment is due on the first day of each month.

It is further ordered that Husband shall pay the sum of $500 to LeDon Young, Esquire, as the current attorney for Wife.