J-A23002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TAIBA SULTANA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FARHAT M. MALIK | : | |
| | : | |
| Appellant | : | No. 904 EDA 2020 |

Appeal from the Order Entered February 19, 2020
in the Court of Common Pleas of Northampton County,
Domestic Relations at No(s):  No. DR-0120118.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED FEBRUARY 9, 2021**

In this matter, Farhat Malik (Father) appeals the order establishing the amount he must pay Taiba Sultana (Mother) for the support of their four children.  After review, we affirm.

The pertinent factual and procedural history may be summarized as follows:  After two false starts, Mother filed a third complaint to establish child support in July 2019, and the parties appeared unrepresented for a support conference in August 2019.  Mother reported that she was a substitute teacher until Spring 2018 when she ended her employment to attend college.  She reported earning $13.25 per hour, and working 35-40 hours per week, but now receives cash assistance. For support purposes, the domestic relations officer determined Mother had an earning capacity of $1,699.53 per month.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father indicated he was a driver for the rideshare services Uber and Lyft. He reported that he worked 35-40 hours per week, and he provided his 2018 tax return and paystubs from 2019.

However, Father also reported that he had a letter from a physician's assistant, averring that Father's physical ability to work was limited. Because the letter did not indicate he was medically unable to work, the domestic relations officer provided Father with a medical report form to be completed by a doctor, and to be submitted within 14 days. Father complied and submitted the completed medical form. The form indicated that Father could only work between 12-15 hours per week, and that his reduction of ability began on December 26, 2018 and would last "forever."

Consequently, the domestic relations officer did not consider Father's 2018 income, which pre-dated Father's apparent medical issue; instead the domestic relations officer only considered the income Father earned after the diagnoses, *i.e.* Father's 2019 paystubs. Based on those paystubs, the officer determined Father's monthly net income was $4,394.27, and recommended Father pay Mother the guideline amount of support for four children: $1,430 per month, plus $143 per month for arrears. On September 10, 2019, the court entered an order awarding the same, for a total obligation of $1,573 per month.

Later in September, Father obtained counsel and filed a written demand for a *de novo* hearing. Father then changed counsel, and after several

continuances, the hearing finally occurred on February 10, 2020.[1]  At the *de novo* hearing, Father submitted packet of financial documents to support his position, including his 2019 federal income tax return, complete with the 1099 schedules from Uber and Lyft, as well as a list of expenses.  However, the court was not persuaded by the additional evidence, and its February 19, 2020 support order obligated Father to pay the same amount indicated by the previous order from September - a total obligation of $1,573 per month for the support of four children.  Father filed this timely appeal.

Upon receipt of Father's Concise Statement for Matters Complained of on Appeal, the trial court concluded it could not decipher Father's sprawling statement and suggested to this Court that we find waiver.  Notwithstanding Father's apparent noncompliance with the Rules of Appellate Procedure, the trial court still attempted to address the substance of Father's appeal by explaining its decision.  In his Brief, Father addresses the trial court's waiver suggestion in the first of his two issues presented for our review:

1. Whether the Statement of Errors filed by [Father] is indefinite, vague, and results in waiver?

2. Whether the trial court abused its discretion by issuing an order making the September 10, 2019 Order for Support final when the order was entered without comment, explanation, interpretation, or clarification despite documentary evidence illustrating vast

---

[1] In the interim, Father was found in contempt for non-payment of support. He was sentenced to 60 days in prison, with immediate work release, but he posted the $1,500 purge condition and was released.

> discrepancies in ways to compute net monthly income?

Father's Brief at 4.

We discuss these issues contemporaneously. We begin with whether Father complied with Pa.R.A.P. 1925(b)(4). This Rule provides the list of requirements an appellant must adhere to when fashioning a concise statement, or else the appellant risks waiver:

> (4) *Requirements; waiver.*
>
> (i) The Statement shall set forth only those errors that the appellant intends to assert.
>
> (ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.
>
> (iii) The judge shall not require any party to file a brief, memorandum of law, or response as part of or in conjunction with the Statement.
>
> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
>
> (v) Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.
>
> (vi) If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms.

> In such a case, the generality of the Statement will not be grounds for finding waiver.
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4).

Instantly, Father's concise statement was nearly two full pages, largely narrating the history of the case. Although the statement contained six full paragraphs, Father did not clearly list the trial court's alleged errors. Only in his final sentence of the concise statement did Father articulate what might be construed as an error:

> In short, [the trial court] failed to address and explain the vast discrepancy between the domestic relations' calculation of [Father's] net income and the supporting data as to [Father's] income including the paystubs from Lyft and Uber, their 1099s to him and his resulting 1040 federal 2019 tax return.

**See** Father's Concise Statement, at 2 (superfluous capitalization omitted).

In his Brief, Father explains that he had no choice but to submit a generic concise statement due to his inability to comprehend the trial court's decision. He submits that Pa.R.A.P. 1925(b)(vi) explicitly preserves his ability to author a broad statement under these circumstance. **See** Father's Brief at 9-10. The pertinent subsection provides:

> (vi) If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.

Pa.R.A.P. 1925(b)(vi).

We disagree with Father's characterization that his concise statement constituted an allowable "preface" due to the trial court's ambiguous decision. Rather, we conclude Father largely waived his appeal because his concise statement was far too vague.

It is well-settled that this Court may find waiver where a concise statement is too vague. *See In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (citation omitted). We agree with the trial court that Father does not actually allege an error of law or an abuse of discretion. Rather, he mostly articulates his disapproval of the trial court's decision to finalize the September order without discussing whether the court found Father's February exhibits "wanting, irrelevant, misleading, incorrectly prepared, not genuine, lacking in credibility [or] otherwise." *See* Father's Concise Statement at 2. We cannot tell whether Father's contention is that the court failed to consider certain evidence or whether the court simply failed to explain its decision.

Only after the issuance of the trial court's 1925(a) opinion, which discussed Father's problematic concise statement, did Father fine tune his substantive reasons for his appeal. Father argues:

> While the trial court in the case at bar accepted documents offered, including [Father's] 2019 federal tax return and earnings statements, this appears to have been the last time the documents were considered by the court. As counsel attempted to point out discrepancies between these

> documents and the prior computation of [Father's] income [from September 2019], the court merely ignored counsel and sought input from [Mother].

Father's Brief at 15.

Perhaps the essence of what Father's asks is this: Did the trial court rely on just 2019 paystubs utilized during the September 2019 hearing, but not the updated financial documentation Father provided at the *de novo* February 2020 hearing? Why or why not? That answer was eventually answered by the trial court:

> [Father's] documents and testimony were inconsistent, and [Father] did not provide the [trial court] with any documents or testimony sufficient to convince the undersigned that the support obligation set forth in the September 10, 2019 [order] was incorrectly calculated.
>
> Based upon a full review of the file, and after receiving evidence and testimony on February 10, 2020, it was clear to the undersigned that [Father's] income was properly calculated utilizing the paystubs submitted to [the domestic relations staff] at the time of the conference, as they reflected [Father's] actual earnings subsequent to the occurrence of his purported medical condition. Therefore, it was not an error of law or an abuse of discretion to enter [the] February 10, 2020 order making final the September 10, 2019 order in this matter.

Trial Court Opinion, 5/8/20, at 13.

Although the excerpted explanation was issued by the trial court only after Father filed his concise statement, any issues Father could have raised following the trial court's Rule 1925(a) opinion were self-evident at the time of the decision. For instance, Father could have alleged in his concise statement that his monthly net income was miscalculated because it was

based solely on the 2019 paystubs and not the more recent documentation, which included the 2019 tax return and more itemized deductions. But Father did not raise this issue.

Even if this Court generously construed Father's concise statement to encapsulate the subsidiary[2] issue of the court's reliance solely on the 2019 paystubs, we fail to see how the trial court's use of Father's paystubs to calculate his income was an abuse of discretion. After all, "a person's support obligation is determined primarily by the parent's *actual* financial resources and their earning capacity." *See, e.g., Woskob v. Woskob*, 843 A.2d 1247, 1251 (Pa. Super. 2004) (emphasis added). More precisely, when determining a support obligor's disposable income, it is the cash flow that ought to be considered and not federally taxed income. *Cunningham v. Cunningham*, 548 A.2d 611, 612-613 (Pa. Super. 1988). "We have held repeatedly that deductions or losses reflected on corporate books or individual tax returns are irrelevant to the calculation of available income unless they reflect an actual reduction in available cash." *Fennell v. Fennell*, 753 A.2d 866, 868-869 (Pa. Super. 2000).

Here, the trial court used Father's 2019 paystubs, because they demonstrated not only that he *could* work, but also that he had *actually*

_____

[2] *See* Pa.R.A.P. 1925(b)(v) ("Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court….").

worked beyond what Father's medical averment suggested.[3]   Then, at the *de novo* hearing in February 2020, Father's submitted proof of further deductions, evidenced by his completed 2019 tax return.  But as our case law informs, these claimed deductions alone do not affect the court's calculation of Father's available net income for support purposes.  And because Father's concise statement was so vague, he did not articulate how the court's decision to discount Father's evidence at *de novo* hearing constituted an abuse of discretion.  Put plainly, even if Father preserved the issue regarding the court's sole reliance on the paystubs, he does not articulate how the same rose to the level of an abuse of discretion or error of law.

The only other tentative issue we can discern from Father's concise statement and Brief was that the court erroneously failed to provide "discussion or explanation" of its decision. *See* Father's Brief at 12; 16.  For support, Father cites the line of "high income" cases that ultimately birthed Pa.R.C.P. 1910.16-3.1 ("Support Guidelines. High-Income Cases").  *See* Father's Brief at 14 (citing *Calabrese v. Calabrese*, 670 A.2d 1161 (Pa. 1996) (discussing the *Melzer* formula in *Melzer v. Witsberger*, 480 A.2d 991 (Pa. 1984))). Father acknowledges that Rule 1910.16-3.1 supersedes the

---

[3] We note that Father withdrew his disability argument at the February hearing, because his doctor did not have sufficient time to review his case. *See* Father's Brief at 7.  He said he planned to file a modification of support. *Id.*  Notwithstanding Father's vague concise statement, we can safely assume he did not mean to argue that his monthly net income should have been reduced on account of his alleged disability.

previous cases, but he avers their rationales still stand. Father reasons that, like in *Calabrese*, the court erred when it did not "clearly spell out the rationale of the cash flow, business/personal mixing of income." *See* Father's Brief at 14. Father extrapolates this to mean that the trial court had an obligation to address how it arrived at its support obligation. But because that answer is quite clear – the 2019 paystubs – Father contends that the court should go a step further and address why it did not rely on his other evidence. Father's argument is based on a misreading of the law.

High-income cases are unique not because of the financial status of the parties, but because of the difficulty in computation of the awards – the parties' income is literally "off the charts" (*i.e.*, the basic child support guidelines schedule listed in Rule 1910.16-3). Thus, Pennsylvania case law first adopted the *Melzer* formula, and then Rule 1910.16-3.1, in order to determine the amount of child support for parties whose combined monthly net incomes exceeded $30,000 per month. In *these* cases, the court must make findings of fact on the record or in writing. However, a trial court has no such obligation make such findings in a basic child support case, so long as the court does not deviate from the guideline amount. *See* Pa.R.C.P. 1910.16-5 (requiring the court to make specific findings on the record or in writing when deviating from the guidelines). Here, there was no deviation from the basic child support guideline, and thus, contrary to Father's proposition, the court was under no obligation to explain its computation of Father's monthly net income.

- 10 -

We discuss the nuance between high-income cases and basic support cases only to highlight Father's misplaced reliance on his cited case law. Importantly, this nuance must not obfuscate the larger point of this case. Here, the trial court's reasoning was obvious and sufficient to allow Father to raise a number of *bona fide* appellate issues in compliance with our Rules of Appellate Procedure. Because, for the most part, his concise statement was too vague, we must conclude that Father waived most of his issues on appeal. To the extent that Father preserved his issue concerning the court's reliance on the 2019 paystubs or the court's lack of explanation, we conclude the court did not abuse its discretion nor commit an error of law in calculating Father's support obligation.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/09/2021